UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS MANUEL FUNCIA a/k/a MANUEL J. FUNCIA,<br><br>      Plaintiff,<br><br>      -against-<br><br>NEW YORK STOCK EXCHANGE NYSE GROUP; JEROME LEVY; DAVID CAREY; JEANNE MILLER; SECURITIES AND EXCHANGE COMMISSION (SEC); HARVEY GOLDSCHMIT; SUSAN WYDERKA; AL PENSA; JIM CLARKSON; ABN-AMNRO; ING; FURMAN SELZ; MICHAEL PYTRCKI; DAVID DUFFY,<br><br>      Defendants. | 19-CV-10718 (LLS)<br><br>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his rights. By order dated December 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jesus Manuel Funcia brings this complaint using the Court's general complaint form. Plaintiff checks the box stating that the basis for jurisdiction is federal question, and where asked to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes: "Agency Failure. Constitutional Failure." Although Plaintiff does not explicitly invoke the Court's diversity of citizenship jurisdiction, he lists a New Jersey address for himself, and states that Defendant Jerome Levy is a citizen of New York, and that Defendant New York

2

Stock Exchange is incorporated under the laws of the state of New York and has its principal place of business in New York

In the sections of the form where Plaintiff is asked to state the facts that support his claim, his injuries, and the relief he seeks, Plaintiff writes "see attached." Attached to Plaintiff's complaint is a three-page, typed document titled "Motion to File for Judicial Review." Plaintiff's attachment is not the model of clarity, and the nature and viability of his claims is unclear. But Plaintiff indicates that he brings this action to "force the court to hold the SEC and NYSE group responsible. The SEC for its dereliction and the NYSE group for its stained arbitration (date of stained arbitration and MS. Miller misconduct is October 28, 2004), a failure to arbitrate, Two Delinquent Supervision. One for Mr. William J. Hackett for his Malice and Reckless behavior and the other for Ms. Jeanne Miller who was dismissed by Mr. Funcia for her misconduct, gross and completely biased behavior." (ECF No. 2 at 9.)[1]

A review of the Court's records reveals that Plaintiff has filed two other cases in this Court against the same Defendants. On February 28, 2007, Plaintiff commenced an action in connection with Defendants' handling of the arbitration, alleging "violations of the Federal Arbitration Acts, failure of due process, [and] tainting if not out right poison of the arbitration process." *See Funcia v. NYSE Group*, ECF 1:07-CV-1745, 17 (S.D.N.Y. Nov. 29, 2007) (granting the motion to dismiss of NYSE Defendants and ABM AMRO and warning Plaintiff that the filing of "a new, duplicative, and frivolous action arising out of the underlying subject matter . . . may lead to the imposition of an injunction barring him from filing further actions in this district without permission"), *motion for reinstatement of appeal denied*, No. 08-0226 (2d Cir. Jan. 15, 2009) (denying motion for reinstatement because underlying claims lack merit).

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

On or about June 9, 2005, Plaintiff commenced an action alleging "fraudulent inducement, fraudulent concealment, unjust enrichment, egregious misconduct, malice and reckless indifference, failure to supervise reasonably, abuse of power and out right Discrimination[,] arising out of what appear[ed] to be an employment agreement between Plaintiff and Defendants." *Funcia v. Hackett*, ECF 1:05-CV-8805, 6 (S.D.N.Y. Feb. 7, 2006) (dismissing Plaintiff's claims because they lacked an arguable basis either in law or in fact), *appeal denied*, No. 06-2266-cv (2d Cir. Oct. 18, 2006).

**DISCUSSION**

It appears that any claims Plaintiff may be seeking to raise in his present complaint are barred by the doctrine of *res judicata* or claim preclusion. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

The elements of claim preclusion are satisfied here. Plaintiff has already filed two complaints in this Court challenging Defendants' actions. Those actions were adjudicated on the merits. A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). This includes a dismissal based on claim preclusion itself. *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that plaintiff's IFP action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte*

application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

## ORDER TO SHOW CAUSE

In light of Plaintiff's litigation history, he is ordered to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

SO ORDERED.

Dated:   January 15, 2020
           New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ | _____ | _____ |
| Address | City | State | Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |